61139, 61140. DENT v. THE STATE (two cases).
61141. MEDLIN v. THE STATE.

DEEN, Presiding Judge.

These defendants requested an appeal from a burglary conviction. Appointed counsel has moved to be dismissed on the ground that a conscientious examination of the record reveals that an appeal in either case would be wholly frivolous.

Examination by this court of the record on appeal reveals ample evidence to support the conviction. The defendants have received notice as required by *Bethay v. State,* 237 Ga. 625 (229 SE2d 406) (1976). We accordingly grant counsel permission to withdraw. From a complete review of the record we find no error, therefore, the judgment of the trial court is affirmed.

*Judgment affirmed. Carley, J., concurs. Banke, J., concurs specially.*

DECIDED FEBRUARY 25, 1981.

*Jerry M. Daniel,* for appellants (case nos. 61139, 61140).
*Gary A. Glover,* for appellant (case no. 61141).
*Sam B. Sibley, Jr.,* District Attorney, for appellee.

BANKE, Judge, concurring specially.

1. I fully concur with the basic opinion insofar as it holds that the record reveals ample evidence to support the conviction and that counsel should be granted permission to withdraw.

2. In my opinion, Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1966) and *Bethay v. State,* 237 Ga. 625 (229 SE2d 406) (1976), require us to find the appeal to be "wholly frivolous" rather than "ample evidence to support the conviction" before we can grant a so-called Anders motion. Further, Anders and Georgia's expression thereunder in *Bethay* provide for "dismissal" of the appeal rather than "affirmance." In the case at bar, counsel did not petition for affirmance. He asked for dismissal. Affirming an *Anders Motion* creates an unauthorized hybrid procedure.

While it makes no difference in the outcome of the case, I would say: "After a full and careful examination of the record, we have determined the appeal is wholly frivolous. Accordingly, counsel is granted permission to withdraw and the appeal is dismissed." *Bethay v. State,* supra, 626.